IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAHEEM DAVIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-170 |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER THOMAS, Director of C.M.R., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                                                          January 27, 2023

The *pro se* plaintiff, who is currently incarcerated in a Pennsylvania state prison, has brought this action under 42 U.S.C. § 1983 in which he asserts that the individual responsible for calculating his credit while he was a pretrial detainee violated his constitutional rights by incorrectly calculating that credit and failing to correct it. The plaintiff seeks declaratory and injunctive relief as well as monetary damages. The plaintiff also seeks leave to proceed *in forma pauperis*.

As discussed below, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court must dismiss this action because section 1983 is not the proper vehicle for an individual seeking to raise claims about the incorrect calculation of their credit while in pretrial incarceration. Instead, the individual must pursue such a claim through a petition for a writ of habeas corpus. In addition, any claim for damages would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because the plaintiff's success on that claim would necessarily invalidate the duration of his incarceration, and he has not alleged that his underlying convictions and sentence

have been invalidated. Accordingly, the court must dismiss this action for the failure to state a claim under 28 U.S.C. § 1915(e)(2).

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Faheem Davis ("Davis"), submitted an application for leave to proceed *in forma pauperis* ("IFP Application"), complaint, and prisoner trust fund account statement, which the clerk of court docketed on January 12, 2023. *See* Doc. Nos. 1–3. Davis is currently incarcerated at SCI–Frackville, but his allegations in the complaint appear to generally relate to time he spent in pretrial detention at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia. *See* Compl. at ECF pp. 1, 2, Doc. No. 2.

Davis has sued Christopher Thomas ("Thomas"), the Director of Classification, Movement, and Records Administration for the Philadelphia Department of Prisons, in his individual and official capacities. *See id.* at ECF p. 2; *see also* Official Website of the City of Philadelphia, *available at*: https://www.phila.gov/departments/philadelphia-department-of-prisons/about/staff/ (last accessed January 26, 2023) (listing Thomas's official position with Philadelphia Department of Prisons). Davis alleges that Thomas, by virtue of his position, is responsible for the incorrect computation of Davis's credit toward his criminal sentence while he was a pretrial detainee at CFCF. *See* Compl. at ECF p. 2. Specifically, Davis avers that Thomas "oversees the calculation of time served in county jail." *Id.* at ECF p. 3. Davis claims that Thomas's office has divided his minimum and maximum sentencing date so that he "sees paarole [sic] two different years for the same case." *Id.* Although Davis does not provide additional details on why he believes his sentence was incorrectly calculated, he contends that he has written to Thomas multiple times requesting that the calculation be corrected, and Thomas has never corrected the calculation of his sentence. *See id.* Davis asserts that Thomas's refusal to correct the calculation

of his sentence has deprived him of his Fifth and Fourteenth Amendment rights. *See id.* For these constitutional violations, Davis seeks (1) a declaration that the "acts and omissions" described in the complaint violate his rights under the Constitution and laws of the United States, (2) a "preliminary and permanent injuction [sic] or re-calculating of [his] incarceration from March 20, 2012 [un]til present," and (3) compensatory and punitive damages. *See id.* at ECF pp. 3–4.

    The court also notes that the publicly available dockets from the Court of Common Pleas of Philadelphia County reflect that on March 20, 2012, Davis was arrested on several charges including, but not limited to, multiple counts of attempted murder, aggravated assault, recklessly endangering another person, and simple assault. *See Commonwealth v. Davis*, No. CP-51-CR-8303-2012 (Phila. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008303-2012&dnh=vkHtOsxpZn4WtlKjaqQ%2FUw%3D%3D (last accessed January 26, 2023); *Commonwealth v. Davis*, No. CP-51-CR-8305-2012 (Phila. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008305-2012&dnh=vxIc2K5Z6bxJfNMMVSzTxw%3D%3D (last accessed January 26, 2023); *Commonwealth v. Davis*, No. CP-51-CR-8307-2012 (Phila. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008307-2012&dnh=xT59qaCTW8YbfAFYZ2EKmw%3D%3D (last accessed January 26, 2023); *Commonwealth v. Davis*, No. CP-51-CR-8309-2012 (Phila. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008309-2012&dnh=xTvzMT8CIq2WjIz6Pd8asQ%3D%3D (last accessed January 26, 2023); *Commonwealth v. Davis*, No. CP-51-CR-8310-2012 (Phila. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008310-

2012&dnh=WBc55WE2ZQECd6CQ43miKA%3D%3D (last accessed January 26, 2023); *Commonwealth v. Davis*, No. CP-51-CR-8313-2012 (Phila. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008313-2012&dnh=%2BV4SZfsKuJXMHf8QsYuT2g%3D%3D (last accessed January 26, 2023) (collectively, "Dockets").[1] On September 9, 2015, Davis pleaded guilty before the Honorable Susan I Schulman and was seemingly sentenced to an aggregate term of ten to twenty years' imprisonment to be served concurrently with any other sentence being served.[2] *See* Dockets.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative

---

[1] Davis references these docket numbers in the complaint. *See* Compl. at ECF p. 3. In addition, the court may consider matters of public record "when . . . screening . . . a *pro se* complaint under [28 U.S.C.] § 1915." *Castro-Mota v. Smithson*, Civ. A. No. 20-CV-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *see Wesley v. Varano*, Civ. A. No. 1:12-CV-1131, 2012 WL 2813827, at *1 (M.D. Pa. July 10, 2012) ("In disposing of a 12(b)(6) motion, in addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case; hence, a court also may consider these items in screening a complaint under the provisions of 28 U.S.C. § 1915." (citations omitted)); *see also Donahue v. Dauphin Cnty.*, Civ. A. No. 1:17-cv-1084, 2017 WL 3405112, at *1 n.1 (M.D. Pa. June 27, 2017) ("This publicly available state criminal docket, available online . . ., is a public record of which the Court may take judicial notice in considering dismissal for failure to state a claim." (citations omitted)); *Pearson v. Krasley*, Civ. A. No. 16-66, 2017 WL 2021061, at *1 (E.D. Pa. May 11, 2017) ("A court may also consider public records such as criminal dockets.").
[2] On July 31, 2015, Davis was sentenced on an unrelated criminal case to a mandatory term of life imprisonment following his convictions for second-degree murder, robbery, conspiracy, carrying firearms on public streets or public property in Philadelphia, and possession of an instrument of crime. *See Commonwealth v. Davis*, No. 143 EDA 2016, 2017 WL 4020470, at *1 (Pa. Super. Sept. 13, 2017) (describing Davis's convictions and sentence at No. CP-51-CR-4776-2013 (Phila. Ct. Com. Pl.)).

4

> court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and prisoner account statement, it appears that Davis is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[3]

### B.     Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted Davis leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that

---

[3] As Davis is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-

2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C.  Analysis

Davis claims that Thomas violated his Fifth and Fourteenth Amendment rights when he miscalculated his credit for time spent in pretrial incarceration, and Davis seeks relief for these alleged constitutional violations under 42 U.S.C. § 1983. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

The court understands Davis's claims to be based on his allegation that Thomas somehow miscalculated his time credit while a pretrial detainee at CFCF. This claim regarding the improper calculation of his sentence is not cognizable under section 1983. "[W]hen a state prisoner is challenging the very fact *or duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added). Therefore, to the extent Davis seeks to recalculate his credited time toward his state sentence, he must pursue that claim in a habeas case, after exhausting state remedies, rather than a civil rights action. *See Sanchez v. Walton*, Civ. A. No. 18-3415, 2018 WL 4689454, at *2 (E.D. Pa. Sept. 28, 2018) (explaining that "any challenge to the calculation of Sanchez's sentence may only be pursued in federal court by filing a petition for a writ of habeas corpus"); *see also Reid v. Sternes*, 59 F. App'x 880, 881 (7th Cir. 2003) (determining issue of incorrect calculation of credit for time served as pretrial detainee as habeas corpus claim); *Burke v. Hall*, No. 3:19-cv-1108, 2020 WL 553727, at *1 (M.D. Tenn. Feb. 4, 2020) (same); *Kincade v. Davis*, No. EP-16-CV-357-DB, 2017 WL 1532607, at *6 (W.D. Tex. Apr. 26, 2017) (same); *Franco-Monserrate v. Kansas*, No. 22-3177-JWL-JPO, 2022 WL 3681999, at *3 (D. Kan. Aug. 25, 2022) (dismissing

habeas petition because "state-court avenues remain available for Petitioner to exhaust his claims that involve sentencing errors and the award of good-time credit").

As for Davis's claim for monetary damages for the miscalculation of his credits for time served during pretrial incarceration, he also is precluded from proceeding on this claim under section 1983. In this regard,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

A section 1983 action "predicated on [a] sentence calculation issue is barred by *Heck* because success on that claim would necessarily invalidate the duration of [the plaintiff's] incarceration." *Colvin v. LeBlanc*, 2 F.4th 494, 499 (5th Cir. 2021); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (concluding that *Heck* barred *pro se* federal prisoner's *Bivens* claim based on Federal Bureau of Prisons miscalculation of sentence); *Torres v. Avalos*, No. CV 21-7190-JLS

9

(AGR), 2022 WL 17080126, at * (C.D. Cal. May 9, 2022) ("*Heck* bars Plaintiff's claims based on the alleged miscalculation of his time credits and release date because such miscalculation implicates the duration of his sentence." (citations omitted)); *Supples v. Burda*, Civ. No. 1:CV-07–1560, 2007 WL 3165537, *1 (M.D. Pa. Oct. 26, 2007) (concluding that *pro se* plaintiff's claim for money damages under Eighth Amendment for alleged miscalculation of credit for time served could not proceed because "[u]nless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil-rights complaint cannot proceed as long as it calls into question the validity of the confinement"). As such, the court must also dismiss Davis's claim for damages because he has not alleged or shown that his convictions or sentence forming the basis of his constitutional claims have been invalidated.[4]

### III. CONCLUSION

For the foregoing reasons, the court will grant the IFP Application and dismiss the complaint for the failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will not permit Davis to file an amended complaint because he cannot cure the defects with his claim. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile"). This dismissal does not prevent Davis from proceeding in a new case on a petition for a writ of habeas corpus after exhausting state remedies, to the extent he seeks relief in the form of credit towards his state sentence. Additionally,

---

[4] In addition, according to the publicly available docket entries for Davis's criminal cases referenced in this action, none of his convictions or sentences have been invalidated.

it would not prevent Davis from filing a section 1983 action should his convictions or sentence get invalidated though another proceeding, such as through a federal habeas action.

    The court will enter a separate order.

                                          BY THE COURT:

                                          /s/ *Edward G. Smith*
                                          EDWARD G. SMITH, J.